UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,    :    **MEMORANDUM & ORDER**

   :    12-CR-437 (ENV)

-against-    :

   :

LUIS ANGEL MUNOZ,    :

   :

          Defendant.    :

   :
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUN 06 2014 ★

BROOKLYN OFFICE

**VITALIANO, D.J.**

On April 4, 2014, defendant Luis Angel Munoz was sentenced to 27 months in prison, after pleading guilty to one count of conspiracy to import heroin into the United States, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A). In a letter dated April 6, 2014, he seeks reconsideration of his sentence, and requests that the Court resentence him to a prison term of no more than 18 months. Munoz contends that the Court erred in imposing his sentence because, given the Court's on the record determination to begin its sentencing consideration with the same guidelines range as his co-defendant, Robert Martinez, notwithstanding the calculation of a higher guidelines range for Munoz, he should have received the same term of imprisonment as his co-defendant. Martinez was sentenced to an 18-month period of incarceration after pleading guilty to the same charge. Both sentences as imposed were below the guidelines range calculated for Martinez.

1

## Discussion

The only avenues for reconsideration of a sentence by a district court are Federal Rules of Criminal Procedure 35 and 36. See United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005). And neither rule serves as a valid basis for relief here.

Rule 36 allows a court "at any time" to "correct a clerical error in judgment." Fed. R. Crim. P. 36. Clerical error within the meaning of Rule 36, however, is not alleged by defendant in this case, and no such error occurred. See United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995); United States v. Jennings, No. 13-CR-1724, 2014 WL 1554350, at *2 (2d Cir. Apr. 21, 2014). As a result, no relief is available to Munoz under Rule 36.

Rule 35(a) permits courts to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Changes to a sentence under Rule 35, however, must be made "[w]ithin 14 days after sentencing," where the 14-day period begins to run upon "the oral announcement of the sentence." Fed. R. Crim. P. 35(a), (c). Moreover, "[t]he Second Circuit has held . . . that the time period provided for in Rule 35(a) is jurisdictional." United States v. Sarvestani, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing United States v. Abreu–Cabrera, 64 F.3d 67, 73 (2d Cir. 1995)) (internal quotation marks and alterations omitted). "Accordingly, a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed." Id. (citations omitted). Here, Munoz was sentenced on April 4, 2014. Since more than 14 days have passed since the Court's oral

2

announcement of the sentence, the Court lacks jurisdiction to correct his sentence under Rule 35(a), even if the sentence was otherwise correctable under that rule.

In any event, even if the Court had jurisdiction under Rule 35 to alter Munoz's sentence, there would be no obligation to do so. Of course, if the Court were to adopt a sentencing guidelines-like, cookie-cutter attitude to sentencing, there would be some appeal to the argument that the sentence calculations of two co-defendants beginning with the same guidelines range should result in the same sentences. In fact, however, even the rigid pre-Booker sentencing days would not have required that result. Careful evaluation of Munoz's personal characteristics reveals that there is reason for imposing the higher sentence on him. That the Court found the criminal history category computation overstated the guidelines range for Munoz did not mean that it intended to disregard the fact that Munoz had a criminal record—a condition that was absent in the sentencing of Martinez. Certainly, sentencing Munoz to a term of imprisonment nine months longer than Martinez's sentence, when Munoz had a criminal record and Martinez did not, does not constitute clear error—mathematical or otherwise. Furthermore, the fact that the Court could have "justified" imposing the same sentence, if it chose to do so, does not mean that it committed error when it decided not to. Accordingly, even if this Court had jurisdiction to "correct" his sentence under Rule 35(a), Munoz would not be entitled to such relief.

## Conclusion

For all of the foregoing reasons, defendant's motion for a corrected (and lower) sentence is denied.

SO ORDERED.

Dated: Brooklyn, New York
June 3, 2014

s/Eric N. Vitaliano

_____
ERIC N. VITALIANO
United States District Judge